UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| JOHN HENRY FISHER | NO. 07-67-BAJ-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, March 22, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| JOHN HENRY FISHER | NO. 07-67-BAJ-M2 |

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 49) filed by petitioner, John Henry Fisher ("Fisher" or "petitioner"). The United States of America ("United States") has filed an opposition (R. Doc. 55) to such motion.

## FACTS & PROCEDURAL BACKGROUND

Fisher was indicted on March 21, 2007, of one (1) count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, he was found guilty of that charge on March 13, 2008. After the preparation and disclosure of a presentence investigation report ("PSR"), Fisher was sentenced, on November 6, 2008, to imprisonment for seventy-two (72) months with a supervised release period of three (3) years and a special assessment of $100.00. The Court issued its judgment of conviction and sentence and commitment order on December 23, 2008. Fisher did not file a direct appeal.

On February 17, 2010, Fisher filed the present motion seeking to vacate, set aside, or correct his sentence on two (2) grounds: (1) Ineffective assistance of counsel because: (a) his counsel failed to object that the presentence report was incorrect, (b) his counsel failed to file a timely notice of appeal, where he was instructed to do so because of the

1

erroneous base offense level, (c) his counsel failed to perfect the record or preserve issues for appeal, and (d) his counsel failed to properly investigate the case and to argue for the correct starting base offense level; and (2) because his base offense level for sentencing purposes was incorrectly calculated.

## **LAW & ANALYSIS**

Pursuant to 28 U.S.C. §2255(f)(1), a federal prisoner has one (1) year from, *inter alia*, the date the judgment of conviction becomes final to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. §2255(f)(1). When a prisoner fails to file a notice of appeal from his conviction (*i.e.*, fails to pursue the direct appeal process), the conviction becomes final for purposes of §2255 upon the expiration of the 10-day period for filing a direct appeal. *U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In the present case, Fisher's conviction became final ten (10) days after the date the Court entered his judgment of conviction and commitment order, which occurred on December 23, 2008. Thus, if weekends and holidays are excluded, the one (1) year limitations period under §2255 began running on January 13, 2009, and Fisher had until January 13, 2010 to file his present motion. Since he did not file this motion until February 17, 2010, the motion was untimely-filed and should therefore be dismissed with prejudice.

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 97) filed by petitioner, John Henry Fisher, should be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, March 22, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**